

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENDRICKS & LEWIS PLLC, a Washington professional limited liability company,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>GEORGE CLINTON, an individual,<br><br>   Defendant - Appellee. | No. 11-56892<br><br>D.C. No. 2:10-cv-09921-ODW-PLA<br><br><br><br>MEMORANDUM[*] |
| HENDRICKS & LEWIS PLLC, a Washington professional limited liability company,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>GEORGE CLINTON, an individual,<br><br>   Defendant - Appellee,<br><br> And<br><br>ALLAN LAW GROUP, P.C., | No. 13-55402<br><br>D.C. No. 2:10-cv-09921-ODW-PLA |

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Intervenor-Defendant.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 4, 2014
Seattle, Washington

Before: FISHER, GOULD, and CHRISTEN, Circuit Judges.

In our February 19, 2014, order, we remanded for a statement of the district court's reasons for (1) denying Hendricks & Lewis's motion for assignment of royalty streams; (2) granting George Clinton's motion to release levies; and (3) accepting and reviewing Clinton's *ex parte* submissions *in camera*.

In its Statement of Reasons, filed on March 27, 2014, the district court did not explicitly provide reasons for its prior decisions. Rather, the district court said that it had "reconsidered the evidentiary record" and indicated that, "should the Ninth Circuit remand [on H&L's motion for assignment of royalty streams], the Court would reconsider its prior order and grant assignment of Clinton's rights to royalty payments to H&L." The district court added that "if permitted by remand, the Court would restrain Clinton from disposing of or otherwise encumbering his rights to royalty payments" and "would also require Clinton to turn over documentation of his royalty rights to H&L."

The district court also said that, on further review of the record, it believed "that H&L may levy Clinton's assets to the extent necessary to secure the money judgment owed by Clinton. H&L may do so even as it pursues the assignment of Clinton's royalties." The district court concluded: "If remanded, the Court would reconsider its decision to release H&L's levies."

Accordingly, we continue to vacate the district court's prior orders, and we now remand for further proceedings.

Because the prior orders protecting funds are vacated, we order provisionally that any funds presently in the Attorney Trust Account of Mr. Thennisch shall be held and preserved, and that any funds received from third-party royalty payors after the date of this order shall also be preserved. The district court may make alternate orders to preserve the property in due course until it rules once more on the pending motions. The panel will retain jurisdiction over this appeal, pending this remand.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**